82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin Lee GODDARD, Plaintiff-Appellant,
v.
Raymond SABBATINE, Individually, et. al., Defendant-Appellees.
 No. 95-5951.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and BORMAN, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, a declaratory judgment, and injunctive relief, Calvin Lee Goddard sued six employees of the Lexington-Fayette Urban County Detention Center (Raymond Sabbatine, Tony Dehner, Glenn Brown, Randy Pridemore, G.D. Wainscott, and Don Leach) in their individual capacities. Goddard claimed that the defendants violated his First Amendment right to freely exercise his religion. He claimed that the defendants, pursuant to a jail administrative policy, improperly prohibited him from wearing a yarn cross attached to a yarn necklace.
 
 
 4
 Upon consideration of defendants' motion for summary judgment and Goddard's response, the magistrate judge recommended that summary judgment be granted in favor of the defendants. The district court adopted the magistrate judge's report and recommendation over Goddard's objections and granted summary judgment in favor of defendants. Goddard appeals that judgment.
 
 
 5
 In his timely appeal, Goddard reasserts the claim he set forth in the district court.
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation dated June 9, 1995, as adopted by the district court in its order dated June 23, 1995.
 
 
 
 *
 The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation